# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| ROBERT W. JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY INC., et al.,<br><br>　　　　Defendants. | Case No: 19-cv-05789 SBA<br><br>**ORDER DISMISSING ACTION** |

Plaintiff Robert W. Johnson ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), brings the instant action against Defendants Performant Recovery Inc., State of New York Department of Taxation & Finance, New York State Assessment Receivables, and Adam Quintal (collectively, "Defendants"). The Court hereby DISMISSES the action, for the reasons set forth below.

## I.　BACKGROUND

On September 16, 2019, Plaintiff filed a Complaint, Dkt. 1, along with an application to proceed IFP, Dkt. 2. The Complaint alleges:

> Defendants have repeatedly called & mailed threatening letters to Plaintiff concerning an alleged debt. Defendants have no jurisdiction to threaten & garnish Plaintiff's wages. Plaintiff Due Process Rights are being violated & Defendants have failed to disclose reasons for actions taken by Defendants. Defendants have breached consumer affairs rules & conduct. Plaintiff is being discriminated against & are in continuance of collection agency fraud.

Dkt. 1 at 2. No additional substantive allegations are made. Id. Based on the foregoing, Plaintiff brings "Original Proceedings of discriminations [*sic*], due process violations, collection agency fraud, fair debt collection violations, civil rights violations," and requests as relief "$100 Billion Dollars for Punitive Damages, $100 Million Dollars for Future Punitive Damages; Judicial Sanctions, All Relief Deemed Just & Proper by Courts." Id.

On September 25, 2019, Magistrate Judge Sallie Kim—to whom the action was then assigned—summarily granted Plaintiff's application to proceed IFP. Dkt. 4. On November 18, 2019, Plaintiff filed a Motion for Default Judgment. Dkt. 13. On November 21, 2019, Magistrate Judge Kim issued a Referral for Reassignment and Report and Recommendation Regarding Motion for Default Judgment ("R&R"), recommending that the motion be denied without prejudice because default had not been entered and there was no evidence Defendants had been served. Dkt. 14 at 1.[1] The action was then reassigned. Dkt. 15.

On December 23, 2019, this Court issued an Order 1) Dismissing Complaint with Leave to Amend 2) Denying Motion for Default Judgment, and 3) Directing Plaintiff to File a Notice of Change of Address. Dkt. 22. The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state a claim. Id. at 3-4. The Court therefore dismissed the Complaint and granted Plaintiff leave to amend by January 13, 2020. Id. at 4-5. Because the operative pleading was dismissed, the Court denied Plaintiff's motion for default judgment without prejudice. Id. at 5. Finally, the Court ordered Plaintiff to file a notice of change of address. Id. The Court warned that the failure to timely file an amended complaint could result in the dismissal of the action. Id.

Plaintiff did not file an amended complaint. Instead, on January 6, 2020, he filed a Notice of Appeal, which states as follows:

> 1. Plaintiff was denied due process rights for Defendants violating & committing crimes against Plaintiff further conspiring to human rights & U.S. constitutional rights entitled to Plaintiff.
>
> 2. Presiding judges are bias, conflicted interests & are in bad faith for meritorious matters on Plaintiff's behalf.
>
> 3. Plaintiff appeals and objects to all frivolous and criminal defenses & advocacy via judicial briberies.

Dkt. 23 at 1.

---

[1] Magistrate Judge Kim also identified various other deficiencies in the pleading and moving papers. Id. at 1-2. She further noted that mail sent to Plaintiff had been returned as undeliverable and ordered him to update his contact information with the Court. Id. at 2.

On January 8, 2020, the Court issued an Order Re: Notice of Appeal, finding that Plaintiff's notice of appeal is defective because the Court has not yet issued any final order and, consequently, that this Court has not been divested of jurisdiction. Dkt. 25 at 2-3. The Court advised Plaintiff that the deadline to file an amended complaint remains in effect and again warned him that the failure to timely file an amended complaint could result in the dismissal of the action. Id. The Court further advised that, if Plaintiff wishes to stand on the original complaint, he may, alternatively, file a notice of his intent not file an amended pleading, after which a final judgment could be entered. Id.[2]

The deadline set by the Court—January 13, 2020—has come and gone. To date, Plaintiff has filed neither an amended complaint nor a notice of his intent not to do so.[3]

## II. <u>LEGAL STANDARD</u>

A court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that he is unable to pay. 28 U.S.C. § 1915(a)(1). The Court has a continuing duty to dismiss such an action, however, if it determines that the action "fails to state a claim on which relief may be granted." Id. § 1915(e)(2)(B)(ii); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Dismissal of the action under section 1915(e)(2) may occur "at any time." See also Burgess v. Cruz, 26 F.3d 129 n.2 (9th Cir. 1994) (holding that a court may dismiss an IFP action after service of the complaint); Crosby v. Carona, No. SA CV 06-622-SGL (CW), 2008 WL 11411547, at *3 & n.6 (C.D. Cal. Jan. 22, 2008), report and rec. adopted, 2008 WL 11411548 (C.D. Cal. Apr. 14, 2008), aff'd, 368 F. App'x 833 (9th Cir. 2010) (dismissing IFP action after the defendant had answered the complaint).

---

[2] On January 24, 2020, the Ninth Circuit dismissed Plaintiff's appeal for lack of jurisdiction, holding that the appeal did not challenge any final order. See Dkt. 26.

[3] The Court notes that Plaintiff also failed to file a notice of change of address, as ordered. However, it appears he is now receiving mail at his address of record, and no mail has been returned as undeliverable since November 12, 2019. See Dkt. 12. The Court therefore declines to dismiss the action for failure to file a notice of change of address.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Lopez, 203 F.3d at 1122). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. Watison, 668 F.3d at 1112.

### III. DISCUSSION

Plaintiff's Complaint fails to state a claim. As stated above, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It requires not only fair notice of the nature of a claim but also the grounds on which it rests. Twombly, 550 U.S. at 555. Here, the Court is unable to discern the nature of Plaintiff's claims or the grounds on which they rest. The Complaint alleges no distinct causes of action. Construing the Complaint with the utmost liberality, the Court finds that Plaintiff may be alleging a violation of the Fair Debt Collection Practices Act. However, the Complaint provides insufficient facts to ascertain even the most basic contours of the claim. For example, Plaintiff fails to allege the date of the events in question, the nature of the alleged wrong, or the role of each defendant therein. He also alleges that his due process rights have been violated and that he has been discriminated against but fails to allege any facts whatsoever to support such claims. "Although a pro se litigant like [Plaintiff] may be entitled to great leeway when the court construes his pleadings, those

pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff fails to meet this minimum threshold.

Unless it is "absolutely clear" that amendment would be futile, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff was provided notice of the foregoing deficiencies and an opportunity to file an amended complaint. He failed to do so. "If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action [under Federal Rule of Civil Procedure 41(b)]." Lira v. Herrera, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999)). In deciding whether to dismiss an action under Rule 41(b), the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Considering these factors, the Court finds that dismissal is appropriate. The public's interest in the expeditious resolution of litigation and the Court's need to manage its own docket weigh in favor of dismissal. The third factor—the risk of prejudice to defendants—generally requires a showing that "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). At the same time, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting." Id. Here, Plaintiff has offered no explanation for his default and none is apparent from the record. Finally, although the Court considers the public policy favoring a disposition on the merits, the merits cannot be reached without an amended complaint. The Court provided Plaintiff notice of the defects in his pleading and an opportunity to amend. It warned that the failure to timely file an amended complaint could result in the dismissal of the action. It also

| | |
|---|---|
| 1 | reminded Plaintiff of the deadline to amend and alternatively provided him an opportunity |
| 2 | to file a notice of his intent not to file an amended complaint.  Plaintiff has not filed either |
| 3 | an amended complaint or a notice of his intent not to do so.  Although the deadline passed |
| 4 | on January 13, the Court has waited an additional 16 days for Plaintiff to act.  Accordingly, |
| 5 | at this juncture, the Court declines to employ any less drastic alternative to dismissal. |

### IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT the instant action is DISMISSED without prejudice to the filing of a paid complaint.[4]  The Clerk shall close the file and terminate any pending matters.  The Court certifies that any appeal taken from this Order would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated:  1/30/20

*[signature: Saundra B Armstrong]*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[4] A dismissal under Rule 41(b) operates as an adjudication on the merits unless stated otherwise.  Given that Plaintiff is proceeding pro se and IFP, the Court finds it appropriate to dismiss the action without prejudice to the filing of a paid complaint, as is typical of dismissals under section 1915. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).